IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

    Plaintiff,                    No. CIV S-05-0066 MCE DAD P

    vs.

D. BAUGHMAN, et al.,               ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's application to proceed in forma pauperis will therefore be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments must be

1

1  collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
3  § 1915(b)(2).
4          The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
6  § 1915A(a).  The court must dismiss claims that are legally frivolous or malicious, that fail to
7  state a claim upon which relief may be granted, or that seek monetary relief from a defendant
8  who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).
9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16         A claim should be dismissed for failure to state a claim upon which relief may be
17 granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim
18 that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.
19 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
20 complaint under this standard, the court accepts as true the allegations of the complaint.  Hospital
21 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the
22 pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.
23 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
24 /////
25 /////
26 /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff seeks compensatory damages of ninety seven million dollars from D. Baughman, S.J. Vance, and J.P. Walker, all of whom were employed at California State Prison, Sacramento at the relevant times. Plaintiff alleges as follows:

> On 10-29-04 I recived [sic] a copy of a one fifthteen [sic] rules violation report and the one fifthteen [sic] is suppose [sic] to be heard in 30 day's after you recive [sic] a copy of the one fifthteen [sic] and it wasent [sic] heard in 30 days from the copy that was recived [sic] by plaintiff the hearing was heard on 11-24-04 this violated my due process. Because I had a right to prepaura [sic] for my disciplinary hearing within this time constraint plaintiff seeks money damages due to the depriveation [sic] of plaintiff that plaintiff was subjected two [sic] by the defendant's because defendants new [sic] about the late time constraint and new [sic] that the rules violation report was sapose [sic] to be heard in 30 days after the copy was received by plaintiff.

(Compl. at 3 & Attach.)

Plaintiff appears to be complaining that his hearing was held sooner than 30 days after he received the report. The relevant state regulation provides as follows:

> The charges shall be heard <u>within 30 days from the date the inmate is provided a copy of the CDC Form 115</u> unless the charges were referred for possible prosecution and the inmate has been granted a

3

> request for postponement of the disciplinary proceedings pending
> the outcome of the referral, or if the inmate is transferred out of the
> custody of the department.

Cal. Code Regs. tit. 15, § 3320(b). The regulation also provides that the inmate must have at least 24 hours to prepare for the hearing, unless the inmate waives the 24-hour period, in which case the hearing may be held before the 24-hour period expires. Id., § 3320(c)(2). The hearing "may be postponed up to 30 days upon the inmate's written request showing a reasonable need for postponement." Id., § 3320(d).

Plaintiff's allegations reflect that the disciplinary charge at issue was heard within 30 days from the date he was provided with a copy of the CDC Form 115. He received the form on October 29, 2004, and the hearing was held 26 days later, on November 24, 2004. Plaintiff had at least 24 hours to prepare for the hearing and has not alleged that he made a written request for a postponement. Because all time constraints were met, there is no factual basis for plaintiff's due process claim.

Plaintiff's allegations also fail to establish a legal basis for his due process claim. It is well established that inmates retain certain due process rights in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). However, state laws and regulations that contain merely procedural requirements, even if those requirements are mandatory under state law, do not give rise to a constitutionally cognizable liberty interest. Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1987). A state regulation gives rise to a liberty interest protected by the Due Process Clause of the federal constitution only where the regulation pertains to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The plaintiff in this case has not alleged facts demonstrating that he was deprived of any process due in prison disciplinary proceedings or that application of the specific regulation at issue imposed atypical or significant hardship on him in relation to the ordinary incidents of prison life.

4

It is evident from plaintiff's allegations that he cannot cure the defects of his complaint. The undersigned will therefore recommend that this action be dismissed on the grounds that it is legally frivolous and fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 11, 2005 application to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith; and

IT IS RECOMMENDED that this action be dismissed on the grounds that plaintiff's claims are legally frivolous and fail to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file any written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 19, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
camp0066.56a